UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MSHAFIQ MSHARIF,

                Petitioner,

   v.

JULIO HERNANDEZ, *et al.*,

                Respondents.

CASE NO. 2:26-cv-01121-GJL

ORDER ON PETITION FOR WRIT
OF HABEAS CORPUS

Petitioner Mshafiq Msharif[1] ("Petitioner") is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1. On April 2, 2026, Petitioner, through counsel, filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody.[2] Dkt. 1. The Petition has been fully briefed. Dkts. 1, 5, 8.

---

[1] Petitioner's name on the docket in this case is listed as "Mshafiq Msharif," (*see docket*); however, in exhibits filed in support of the Response to the Petition, Petitioner's name is also listed as "M Shafiq M Sharif," (*see* Dkts. 7-1, 7-2, 7-3, 7-4). For purposes of discussion, the Court will refer to Petitioner's name listed on the docket in this case.

[2] The parties have consented to proceed in this matter before a United States Magistrate Judge. *See* Dkt. 3.

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 1

Having considered the parties' submissions, the balance of the record, and the governing law, the Court **GRANTS** the Petition, but **DENIES** Petitioner's request for further injunctive relief.

## I.    BACKGROUND

Petitioner is a citizen of Afghanistan who entered the United States in 2024 without inspection. Dkt. 1 ¶ 19; Dkt. 6 ¶ 3. After being apprehended by U.S. Border Patrol on December 24, 2024, Petitioner has been continuously detained by immigration authorities. Dkt. 1 ¶ 19; Dkt. 6 ¶ 3. Petitioner asserts he filed a claim for asylum based on persecution in Afghanistan, where he was detained and tortured by the Taliban. Dkt. 1 ¶ 19.

On December 25, 2024, Petitioner was placed in expedited removal proceedings and subsequently served with a Notice to Appear ("NTA"), charging him with removability under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1227(a)(6)(A)(i), on January 24, 2025. Dkt. 6 ¶¶ 3, 4.

Following the denial of his asylum claim, on July 2, 2025, Petitioner was ordered removed to Afghanistan by an Immigration Judge ("IJ"). Dkt. 6 ¶¶ 5–8. Both the Department of Homeland Security ("DHS") and Petitioner waived appeal, making the order of removal administratively final on July 2, 2025. Dkt. 6 ¶ 8; 8 C.F.R. § 1241.1.

On October 4, 2025, Petitioner was transferred from the Florence Service Processing Center ("SPC") in Florence, Arizona, to NWIPC, where he remains detained. Dkt. 6 ¶ 9.

Respondents maintain that ICE's Enforcement and Removal Operations ("ERO") has taken steps to effectuate Petitioner's removal to Afghanistan. *See* Dkt. 6. In support, however, Respondents have submitted a Declaration of a Deportation Officer with no supporting documentation. *See id*. For his part, the Deportation Officer declares that on October 24, 2025, ERO obtained travel documents for Petitioner, which have an expiration date of June 3, 2033. *Id*.

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 2

¶ 10. ERO also sent a travel letter request to the U.S. Mission Afghanistan located in Doha, Qatar, on December 15, 2025. *Id.* ¶ 11. According to Respondents, the travel letter is currently pending. *Id.*

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

In *Zadvydas v. Davis*, the Supreme Court held that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens[3] subject to final orders of removal. 533 U.S. 678, 699 (2001). Applying the doctrine of constitutional avoidance, the Court explained that such an interpretation was necessary "to avoid a serious constitutional threat." *Id.* As the Court recognized, "[a] statute permitting indefinite detention of [a noncitizen] would raise a serious constitutional problem [under] . . . [t]he Fifth Amendment's Due Process Clause." *Id.* at 690. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id.* The Court concluded that, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. The "presumptively reasonable" period for detention following a removal order is six months. *Id.* at 701.

---

[3] "This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 3

Additionally, the federal courts have "long recognized the existence of an implied cause of action through which plaintiffs may seek equitable relief to remedy a constitutional violation." *Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020). A plaintiff seeking a permanent injunction must demonstrate:

> (1) that [he] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). To demonstrate that ongoing relief is needed, the party seeking a permanent injunction must establish "some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." *Cummings v. Connell*, 316 F.3d 886, 897 (9th Cir. 2003) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)). "Once a [constitutional] right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies." *Roman*, 977 F.3d at 942 (alteration in original) (quoting *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971)).

## III.   DISCUSSION

Petitioner argues that his detention has become indefinite because there is no likelihood of his removal to Afghanistan in the reasonably foreseeable future. Dkt. 1 at 10–11. Petitioner asks that the Court order his release from custody and enjoin Respondents from removing him to a country "not listed on his removal order as punitive." *Id*. at 11. In their Response, Respondents assert that ICE believes there is a significant likelihood that Petitioner will be removed to Afghanistan in the reasonably foreseeable future once the travel letter is finalized, but offer no timeframe for that finalization. Dkt. 5 at 7.

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 4

**A.      Petitioner's Detention Has Become Indefinite**

Petitioner is a noncitizen detained within the United States for over sixteen (16) months and for over ten (10) months since an IJ ordered his removal. Dkt. 1 ¶ 19. He is entitled to the protections of the Due Process Clause and his detention is not "presumptively reasonable." *See Zadvydas*, 533 U.S. at 693, 701. Further, Petitioner's evidence showing that ICE has not been able to effect Petitioner's removal to Afghanistan for reasons such as (1) Afghanistan is now a country governed by the Taliban, an organization the United States has designated as a Specially Designated Global Terrorist ("SDGT") entity, and the United States has no diplomatic ties with the Taliban, Dkt. 1 ¶ 21; and (2) data published in April 2026 shows that only 9% of all Afghan removals since 2022 have actually been removed to Afghanistan, while the remaining 91% were removed to third countries, such as Canada,[4] Dkt. 8 at 3, "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

The burden thus shifts to the Government to respond with evidence sufficient to rebut Petitioner's showing. *Id.* In response, the Government represents that it has obtained travel documents for removal to Afghanistan, but is awaiting finalization of a travel letter request sent to U.S. Mission Afghanistan. Dkt. 6 ¶¶ 10, 11. Presumably, Petitioner cannot be removed to Afghanistan without the finalized travel letter, and the Government has provided no timeframe by which this finalized travel letter will be available. As such, the Government's representations regarding travel documents, including the travel letter, are insufficient to rebut Petitioner's evidence. Indeed, despite detaining Petitioner for over 16 months, the Government has not been

[4] U.S. Deportations to Afghanistan Continue Despite Taliban Rule, KabulNow (Apr. 2026), https://kabulnow.com/2026/04/us-deportations-to-afghanistan/.

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 5

able to effectuate Petitioner's removal. The Government may not hold Petitioner in detention indefinitely while it awaits the travel letter from U.S. Mission Afghanistan.

Because the Government has failed to show there is a likelihood of Petitioner's removal in the reasonably foreseeable future, his detention is no longer permitted by the INA as construed in *Zadvydas*. *See* 533 U.S. at 699–700 ("[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."). Petitioner's detention is unlawful and he must be released. *See Rodriguez-Fernandez v. Bondi*, No. 2:26-cv-00170-TMC, 2026 WL 445562, at *4 (W.D. Wash. Feb. 17, 2026) (allowing release upon a finding that removal was not reasonably foreseeable); *Hoac v. Becerra*, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *7 (E.D. Cal. July 16, 2025).

The Court therefore **GRANTS** the Petition for writ of habeas corpus. Dkt. 1.

**B.      Petitioner's Claim Regarding Third Country Removal**

In his request for relief, Petitioner asks the Court to enjoin Respondents from removing Petitioner to a country "not listed on his removal order as punitive." Dkt. 1 at 11. The Court finds this request is not yet ripe, as the record demonstrates that the Government has taken no steps to remove Petitioner to a third country, nor has it expressed an intent to do so.

Thus, Petitioner's requested relief here is **DENIED as premature**.

### IV.      CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

(1)      Petitioner Mshafiq Msharif's Petition for writ of habeas corpus (Dkt. 1) is **GRANTED**, but Petitioner's request for further injunctive relief is **DENIED without prejudice**;

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 6

(2)    Respondents are **ORDERED** to release Petitioner Mshafiq Msharif from custody on reasonable conditions of supervision[5] within **ONE** day of this Order; and

(3)    Counsel for Respondents **SHALL** submit a status report to the Court within **twenty-four hours** of this Order, confirming that Petitioner has been released from immigration detention and providing the date and time of his release.

Dated this 7th day of May, 2026.

Grady J. Leupold
United States Magistrate Judge

---

[5] The reasonable terms of supervision are set forth in 8 U.S.C. § 1231(a)(3). *See* 8 U.S.C. § 1231(a)(6) ("[I]f released, [a noncitizen ordered removed] shall be subject to the terms of supervision in paragraph (3))."

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 7